UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENNIS RYAN,

                               Plaintiff,

       -against-                               **24 Civ. 3632 (VSB) (GS)**

VERTIV CORPORATION,                            **ORDER**

                               Defendant.

------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

       As invited during the December 18, 2024 discovery conference (*see* Dkt. No. 26), the parties have submitted supplemental letters concerning Plaintiff Dennis Ryan's request for the names of the 28 employees who were included, along with Plaintiff, in Defendant Vertiv Corporation's January 2023 reduction-in-force ("RIF"). (Dkt. Nos. 27, 29). Having considered these submissions, the Court grants in part, and denies in part, Plaintiff's request.

       By way of background, Plaintiff claims in this action that Defendant terminated his employment because of his age and his disability, in violation of New York State and City human rights laws. (Dkt. No. 1 ¶¶ 39-51). In support of his claims, Plaintiff's Complaint alleges that at the time of his termination, Defendant informed Plaintiff that it had identified 1,682 employees for potential inclusion in the RIF, of whom 16% were 60 years of age or older and 84% were younger than 60. (*Id.* ¶¶ 28-29). But of the employees selected for termination in the RIF, 32% were over the age of 60 and only 68% were under the age of 60. (*Id.*). This means, according to Plaintiff, that "those over age 60 were 2.5 times more likely to be terminated in the RIF than those under the age of 60, a statistically significant differential." (*Id.* ¶ 30).

Plaintiff is aware of these statistics based on a list provided by Defendant in connection with the RIF pursuant to the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H). That list, consistent with the OWBPA, shows the positions and ages of the employees who were included in the RIF as well as employees in the same job classification who were not included in the RIF. (Dkt. No. 20 at 6 & n.11). But it does not identify the employees by name.

Plaintiff contends that the 28 employees selected for termination may have relevant information in support of his claims, and that he should therefore know their identities, for two reasons. First, the terminated employees may "also have witnessed age and/or disability discrimination" and be able to share those experiences with Plaintiff. (Dkt. No. 27 at 1). Second, Plaintiff would like to evaluate whether the terminated employees "were similar to Plaintiff's comparators who were *not* included in the RIF." (*Id.*) (emphasis in original).

Plaintiff's first rationale sweeps too broadly. There is no particular reason to think that the employees who were part of the RIF are more likely than other employees of Defendant to have "witnessed" age or disability discrimination against others. Based on the Complaint's allegations, there is some reason to think that other terminated employees may have *experienced* age discrimination. But this holds true only for the 32% of terminated employees above the age of 60. Accordingly, Defendant is required to provide the names of those employees (mathematically, there should be nine of them). Knowing the identities of those individuals could lead to the discovery of relevant and admissible evidence concerning Plaintiff's allegation that the RIF was skewed against older employees above the age of 60.

Defendant argues that Plaintiff's request would "subvert the plain language" of the OWBPA, which does not require disclosure of the names of the employees. (Dkt. No. 29 at 1-2).

But the OWBPA only governs the information that an employer must provide if it seeks a waiver of rights "in connection with an exit incentive or other employment termination program." 29 U.S.C. § 626(f)(1)(H). It does not purport to govern or restrict what information is discoverable in an employment discrimination suit instituted following a RIF. Defendant also argues that Plaintiff's request is improper because "this is not a pattern and practice case." (Dkt. No. 29 at 2). But that argument ignores Plaintiff's allegations concerning the purportedly discriminatory nature of the RIF and its potential relevance to his claims.

As for Plaintiff's second rationale, it is unclear to the Court, nor does Plaintiff explain, why it would be relevant if other terminated employees are similarly situated to Plaintiff's comparators who were not included in the RIF. Plaintiff does not contend that any of the 28 terminated employees would themselves be comparators and Defendant represents that the RIF was company-wide and involved employees who worked in different departments and held completely different positions from Plaintiff, who was an account executive. (*Id.* at 2). Moreover, to the extent there is any relevance, Plaintiff does not need to know the names of those individuals to compare the terminated individuals to his comparators. What is needed to make the comparison is the relevant characteristics of the employees, such as their job positions and ages, not their names.

In seeking a broader disclosure of the names of all 28 terminated employees, Plaintiff asserts that "[c]ourts routinely order disclosure of RIF names in discrimination cases." (Dkt. No. 27 at 1). But the cases Plaintiff cites do not support that argument. In *Berney v. Apple Inc.*, No. 3:20 CV 1379 (JAM), 2021 WL 6334985 (D. Conn. May 27, 2021), the court required the employer to disclose the identities of "potential comparators" it had redacted from otherwise discoverable documents. *Id.* at *2, 3. Here, Plaintiff does not seek the names of potential

3

comparators; an employee who was terminated would not be a comparator. *See LaBarbera v. NYU Winthrop Hosp.*, 527 F. Supp. 3d 275, 294 n.12 (E.D.N.Y. 2021) (term "comparator" refers to similarly situated employees outside of plaintiff's protected class who were treated "more favorably"). In *Hunter v. Coca-Cola Co.*, No. C14-609RAJ, 2015 WL 3874945 (W.D. Wash. June 23, 2015), the employer had voluntarily disclosed the names of employees who lost their jobs in the RIF; the court only required the employer to name the "people who participated in the decision to make [plaintiff] a target of the [RIF]." *Id*. at *2. And in *U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, No. DKC-11-2695, 2012 WL 2577795 (D. Md. July 2, 2012), the court held only that the plaintiff was "entitled to discover the identities of individuals whom Defendant removed from" the same facility where plaintiff worked so that plaintiff could "evaluate Defendant's claim that [plaintiff] was terminated as part of a reduction in force." *Id*. at *5. These holdings do not support disclosure of the names of all employees terminated as part of a company-wide RIF, which is what Plaintiff seeks here.

Accordingly, Plaintiff's request is **GRANTED** to the extent that Defendant is required to disclose the names of other employees over the age of 60 who were terminated as part of the January 2023 reduction-in-force, and is otherwise **DENIED**.

**SO ORDERED.**

DATED:   New York, New York
         January 10, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge