**STIPULATION AND ORDER
CONCERNING PRODUCTION OF
ELECTRONICALLY STORED INFORMATION**

WHEREAS, counsel for Plaintiff and Defendant (collectively, the "Parties," and each, a "Party") have met and conferred regarding discovery of electronically stored information ("ESI") of the Parties;

WHEREAS, the Parties have reached agreement on certain of the issues discussed regarding such discovery;

WHEREAS, the Parties have entered into this Stipulation and [Proposed] Order Concerning Production of Electronically Stored Information ("Order") to facilitate the discovery involving ESI and to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention;

IT IS HEREBY ORDERED that:

1. All Parties are bound by and subject to the terms of this Order.

2. <u>Definitions</u>.

   a. "Discovery Material" is defined as all products of discovery and all information derived there from, including, but not limited to, documents, objects and things produced by any Party in the above-captioned matter.

   b. Plaintiff and Defendant, as well as their officers, directors, employees, agents, and legal counsel, are referred to as the "Parties" solely for the purposes of this Protocol.

   c. "Plaintiff" as used herein shall mean Dennis Ryan.

   d. "Defendant" as used herein shall mean Vertiv Corporation.

3. <u>Cooperation.</u>  The Parties shall produce ESI in accordance with Fed R. Civ. P. 34 and meet and confer in good faith regarding any disputes that may arise.

4. <u>Data Mapping & Information Exchange.</u> The parties agree to comply with their discovery obligations under Fed R. Civ. P. 26 and exchange in writing the information listed in below to the extent applicable.

   a) If unique, non-duplicative ESI within the scope of discovery is lost or destroyed after the legal hold obligations have been triggered in this case, if known.

b) A description of any ESI within the scope of discovery that the producing party contends is inaccessible or only of limited accessibility and, hence, not producible by that party without undue burden and/or expense.

5. <u>Search Methodology</u>.

a. The Parties expect to employ one or more search methodologies to identify potentially relevant ESI. The Parties may agree to meet and confer to attempt in good faith to reach agreement regarding:

    i. the method of searching and, if applicable, the words, terms, and phrases to be searched; and

    ii. the custodians and non-custodial sources from whom ESI will be collected and searched;

    iii. validation of search methodologies to ensure adequacy and proportionality.

6. <u>Deduplication</u>. The Parties shall make reasonable efforts to deduplicate ESI. ESI shall be deduplicated horizontally across custodians. ESI will be considered duplicative if it has the same content including metadata, based on the MD5Hash.

7. <u>Email Threading</u>. In order to reduce the volume of entirely duplicative content within email threads, the Parties may utilize "email thread suppression." As used in this agreement, email thread suppression means reducing duplicative production of email threads by producing the most recent email containing the thread of emails, as well as all attachments within the thread, and excluding emails constituting exact duplicates of emails within the produced string. In the event that non-privileged information is contained within a thread with privilege, the parties agree to either:

a. Redact and log the privileged portion(s) of the thread and produce the non-privileged portions of the thread; or
b. Withhold the entire inclusive privileged thread, logging only the privileged portions, and separately produce the non-inclusive non-privileged emails.

8. <u>Privilege Logs And Redaction</u>. The Parties agree that the following documents need not be included on a privilege log:
   a. Communications between the parties and counsel (including internal communications within a law firm or a legal department of a corporation) on and after the filing of this lawsuit and before the lawsuit in anticipation of litigation regarding the litigation or litigation strategy.

2

      b.      Work product created by or for trial counsel in this matter after commencement of this action.

9.      <u>Production Format For ESI</u>.

      a.      <u>General Provisions.</u> Except as discussed below regarding native files, all documents existing in electronic format shall be produced in a Group IV TIFF compression, single-page, black and white format at a resolution of at least 300 dpi. Each TIFF file shall be named with a unique production number. The format for the Bates prefix and numbering should be consistent across the production, contain no special characters, and be numerically sequential. For each document, a multipage text file shall be provided along with the TIFF images. Each text file will be named with the beginning Bates number of the corresponding TIFF images which comprise the original document. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. For any document or record where black and white TIFF meaningfully degrades or hinders a Party's ability to review that document or utilize it as an exhibit, the party may request that the document be reproduced in color.

      b.      <u>Source-Attachment Relationships</u>. As applicable, the parent-child relationships (the association between emails and attachments) should be preserved and produced as full families except when withheld on privilege grounds.

      c.      <u>Non-redacted Word Processing Files</u>. All word processing files, including without limitation Microsoft Word files, that do not require redactions, will be produced as TIFF images showing track changes and comments. Upon a showing of reasonable and particular need, a producing party shall produce a native version of requested files.

      d.      <u>Non-redacted Spreadsheet Files</u>. Spreadsheet files, including without limitation Microsoft Excel files, will be produced as native files showing comments and similar data. Additionally a bates-stamped TIFF placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file.

      e.      <u>Presentation Files</u>. Presentation files, including without limitation Microsoft PowerPoint files, will be produced as native files showing comments, hidden slides, speakers' notes, and similar data. Additionally, a bates-stamped TIFF placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file.

      f.      <u>Database Records and Structured Data</u>. If any Party requests information that is stored in a database or database management system, the parties may agree to meet and confer to discuss the form of production.

g.      Embedded Files.  Embedded files and internally linked files are produced as independent document records.  Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

10.     Load File Formats.  ESI will be produced in standard Concordance load file format and an image file that is in .OPT format. To the extent this production format is not feasible or causes the producing Party undue burden, the Parties may agree to meet and confer to discuss the different form of production.

11.     Metadata to be Produced.  Metadata to be produced: The following metadata fields should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log. To the extent this production format is not feasible or causes the producing Party undue burden, the Parties may agree to meet and confer to discuss the different form of production.

| FIELD NAME | DESCRIPTION | CATEGORY |
| --- | --- | --- |
| **BEGDOC** | Starting bates | Hardcopy, edoc, email **and** attachment |
| **ENDDOC** | Ending bates | Hardcopy, edoc, email **and** attachment |
| **CUSTODIAN** | Custodial **or** non-custodial source(s) from which the **document** was collected | Hardcopy (if coded), edoc, email **and** attachment (populated through processing) |
| **ALL CUSTODIANS** | Custodial source(s) from which document was collected but subsequently suppressed as a duplicate during processing. | Edoc, email **and** attachment (populated through processing) |
| **FAMILYIDOR ATTACHID** | Family (Range of bates related **documents** (i.e email & attachment) - this field will be populated for **all** records in the family), and will distinguish parent documents from attachments. | Hard copy, edoc, emails **and** attachments (populated through processing) |
| **PRPERTIES OR RCRDTYPE** | Record type – examples include "email," "attachment," "edoc," **or** "hardcopy." | Populated through processing |
| **FROM** | Email Author | Emails (populated through processing) |

4

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **TO** | Recipient | Emails (populated through processing) |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **DOCTITLE** | **Document** Title/name/subject of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc (including email) **or** attachment (populated through processing) |
| **DOCDATE** | **Document** Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email **and** Attachments |
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Time sent, format 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIMECREATED** | Time first created, format 00:00:00 AM/PM | Edoc **or** attachment (populated through processing) |
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIMESVD** | Time last saved/modified, format 00:00:00 AM/PM | (populated through processing) |
| **DATE LAST PRINTED** | Date last printed, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **TIME LAST PRINTED** | Time last printed, format 00:00:00 AM/PM | Edoc **or** attachment (populated through processing) |
| **DATE LAST ACCESSED** | Date last accessed, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIME LAST ACCESSED** | Time last accessed, format 00:00:00 AM/PM | Edoc **or** attachment (populated through processing) |
| **PAGECOUNT** | **Document** page count | Edoc **or** attachment (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files **and/or** emails, attachments (populated through processing) |
| **FOLDERID OR ORIGFOLDERPATH OR FILEPATH** | File path/folder structure of original native file as it existed at the time of collection.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) | Electronic files **and/or** emails, attachments (populated through processing) |
| **ALL FILEPATHS** | File path/folder structure of original native file as it existed at the time of collection but subsequently removed as a duplicate.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) when duplicate copies were suppressed during processing. | Electronic files **and/or** emails, attachments (populated through processing). |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **DOCLINK or NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files **and/or** emails, attachments (populated through processing **and only provided if receiving native files**.) |
| **FILEEXTEN** | In the event of attachments **or** emails, this will enable us to search by **document** type. Sample contents: *PST*, *MSG*, *PDF*, *DOC*, *PPT*, *HTM*, etc. | Electronic files **and/or** emails, attachments (populated through processing) |
| **FILESIZE** | Numerical file size, in bytes, of any natively-produced documents. | Electronic files and/or edocs (populated through processing) |
| **CONFIDENTIALITY** | Confidentiality Designation | All files and documents, as applicable. |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the **document** | For Hard Copy **documents** (if coded) **or** electronic files **and/or** attachments (populated through processing) |
| **HASH** | MD5 Hash value for de-dupe | Electronic files **and/or** attachments (populated through processing) |

12.     Encryption.  To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing Party.  In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

13.     Fed. R. Evidence 502(d) Order.  Pursuant to Federal Rule of Evidence 502(d), the Court orders that a producing party's attorney-client privilege and work product protection is not waived by disclosure of the materials to the opposing side if the disclosure is unintentional.  A producing party which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection.  Upon receipt of such a request for return, the party to whom the documents were produced must segregate the documents and return them or seek, within thirty (30) days, a determination by the Court regarding whether the documents must be returned. If the protected documents are part of larger ESI productions, the receiving party shall remove those documents from any document review database.  If the producing party wishes to have those documents or

their respective metadata removed from the production deliverables, it shall provide overlay production deliverables removing the affected material without otherwise altering the bates designations of unaffected documents.

14. <u>Costs</u>. Subject to an agreement on the custodians, time frames, and the words, terms, and phrases to be searched; the Parties agree each party shall bear the cost of its own production. In the event, however, a Party requests the production of overbroad, irrelevant, cumulative or repetitive information or information that otherwise imposes an undue burden, or is from a source that is not reasonably accessible due to undue burden or cost, the producing Party may object. Upon objection, the Parties shall work in good faith to resolve the issue, for instance by producing samples or summaries of such documents. In the event the parties are unable to resolve their differences, the parties may proceed consistent with the Federal Rules of Civil Procedure, including Rule 26(b)(2), any applicable Local Rules, and seek cost sharing.

OUTTEN & GOLDEN LLP                     OGLETREE DEAKINS

By:    /s/ Cara E. Greene                By:   /s/Jamie Haar

*Attorneys for Plaintiff*                *Attorneys for Defendant*

SO ORDERED:

Date:   January 14, 2025
        New York, New York

8